**SO ORDERED.**

**SIGNED this 23 day of December, 2009.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| BILLY L. TALTON<br>MARGARET F. TALTON | CASE NUMBER: 09-03005-8-RDD |
| DEBTORS | |
| BILLY L. TALTON<br>MARGARET F. TALTON | |
| Plaintiff(s) | ADVERSARY PROCEEDING<br>NUMBER: 09-00208-8-RDD |
| v. | |
| ETHERIDGE OIL COMPANY, INC. | |
| Defendant(s) | |

**ORDER DENYING ENTRY OF DEFAULT AND EXTENDING
DEADLINE TO FILE RESPONSES TO COMPLAINT AND COUNTERCLAIM**

Pending before the Court is the Motion for Entry of Default (the "Motion") filed by Billy L. and Margaret F. Talton (the "Plaintiffs"). On December 9, 2009, the Court conducted a hearing on the Motion in Wilson, North Carolina.

The Plaintiffs commenced this adversary proceeding on September 23, 2009 with the filing of their complaint against Etheridge Oil Company, Inc. ("Etheridge"). A summons was

issued on September 24, 2009 providing Etheridge with thirty (30) days to file an answer or motion in response to the complaint. Service was effectuated on Etheridge on September 25, 2009.

On October 28, 2009, the Plaintiffs filed the instant Motion requesting the entry of a default and a default judgment against Etheridge based on its failure to timely respond to the complaint. Later that afternoon, Etheridge filed its Answer to the Complaint, Counterclaim, and Third-party Complaint against Talton & Sons, Inc. (the "Answer"). Subsequently, on October 30, 2009, Etheridge supplemented its Answer to include proper exhibits. To date, the Plaintiffs have not responded to the Counterclaim set forth in Etheridge's Answer.

An entry of default has not been entered in this case and there is nothing to set aside pursuant to Fed. Bank. R. Civ. P. 7055. Rule 7055(a) permits a default against a party who has failed to plead or otherwise defend. The Answer has been filed by Etheridge in this case.

Furthermore, the Court, having considered the pleadings filed in the adversary proceeding and the arguments of counsel finds that the entry of default is not warranted under the facts in this case. *See United States of America v. Smith,* 212 F.R.D. 480 (M.D.N.C. 2002); *Precision Links Inc. v. USA Products Group, Inc. et al.,* 2009 U.S. Dist. LEXIS 63655 (Bankr. W.D.N.C. 2009); *Livesay v. Carolina First Bank*, 2006 U.S. Dist. LEXIS 48212 (Bankr. W.D.N.C. 2006).

Therefore, the Court hereby extends the time for Etheridge to file its answer to the complaint to **October 29, 2009** and extends the deadline for the Plaintiffs to file their reply to the counterclaim of Etheridge through and including **January 12, 2010**.

**SO ORDERED.**

**END OF DOCUMENT**